# SCHWARTZ, CONROY & HACK, PC

*Making Insurance Companies Keep Their Promises*

Robert E. Hewitt, Esq., Associate/ REH@schlawpc.com

December 6, 2022

Magistrate Judge Marcia M. Henry
United States District Court, EDNY
225 Cadman Plaza East, Courtroom 504N
South Brooklyn, New York 11201

      Re:    Government Employees Insurance Co. v. Karin Gepp (A Sole Proprietorship) et. al
              Docket No. 1:22-cv-02860 (ARR)(MMH)

Dear Magistrate Judge Henry:

      We represent non-party, Vladislav Stoyanovsky, owner of the google e-mail account vladny66@gmail.com. We make this letter motion to quash or otherwise revise and for a Protective Order pursuant to the non-party subpoena duces tecum served by Plaintiff's counsel on Google, LLC, for all user data for the above e-mail addresses and all e-mail transmission activity. (Exhibit "A"). Google, LLC has informed our clients that unless we file a formal motion by December 7, 2022, they will be producing a response to this subpoena. (See, Exhibit "B").

      I met and conferred with Michael Vanunu, Esq., of Rivkin Radler, counsel for Plaintiff on December 6, 2022. However, we were unable to resolve this discovery dispute and therefore make this letter motion pursuant to Your Honor's Rules, Rule V(b). GEICO's counsel claims Google will not produce the subject line of the e-mails despite the subpoena or produce whole e-mails. However, we need more than counsel's assurances to this effect. We need the Court to intervene to protect our client's privacy and confidentiality rights, as well as protect attorney-client privilege.

**The Lawsuit and Subpoena**

      GEICO's action seeks to recover money in the amount of $1,100,000 it claims the Defendants have wrongfully obtained from GEICO by submitting, and causing to be submitted, hundreds of allegedly fraudulent, unlawful and otherwise non-reimbursable no-fault insurance charges for purported psychology services, including diagnostic interviews and psychological testing, that purportedly were provided to individuals who claimed to have been involved in automobile accidents and were eligible for coverage under GEICO no-fault insurance policies. For the e-mail addresses listed above, GEICO seeks much broader information:

    1.    "All user data maintained by You [Google, LLC] for "the following e-mail address: vladny66@gmail.com"

    2.    Copies of all email transmission activity for the email addresses list ed in Request Number 1, including (1) the date and time of the e-mail; (2) the sender e-mail address; (4) the recipient e-mail address; (4) the email subject line; and (5) the size (in computer storage units) of the email.

**The Subpoena Should be Quashed And/or Modified**

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 WL 23018833, at *8 (S.D.N.Y.); see also *Salvatorie Studios, Int'l v. Mako's, Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. 2001). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Annunziato v. Collecto, Inc.*, 296 F.R.D. 12 (E.D.N.Y.2013).

Once relevance is established, the party seeking to quash a subpoena bears the burden of demonstrating that the subpoena "is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, 2008 WL 4452134, at *4 (S.D.N.Y. 2008) see *John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 189 (S.D.N.Y.2012) (burden on motion to quash is borne by the moving party) (citing *Pegoraro v. Marrero*, 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012)); *Ford Motor Credit Co. v. Meehan*, 2008 WL 2746373, at *5 (E.D.N.Y. 2008) ("The burden of persuasion in a motion to quash a subpoena ... is borne by the movant.") (citing *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y.2007)). The decision to grant or deny a motion to quash is discretionary. *John*, 284 F.R.D. 185, 189 (citing *Pegoraro*, 2012 WL 1948887, at *4); see *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir.2003); *Solomon v. Nassau County*, 274 F.R.D. 455, 460 (E.D.N.Y.2011) ("Motions to quash subpoenas under the Rules are 'entrusted to the sound discretion of the district court.'") (quoting *In re Fitch, Inc*., 330 F.3d 104, 108 (2d Cir.2003)); *Libaire v. Kaplan*, 760 F.Supp.2d 288, 291 (E.D.N.Y.2011) ("The decision whether to quash or modify a subpoena is committed to the sound direction of the trial court."). When exercising that that discretion the Court is entitled to broad latitude to determine the scope of discovery and to manage the discovery process. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir.2012) (citing *In re Agent Orange Prod. Liab. Litig*., 517 F.3d 76, 103 (2d Cir.2008)) While we recognize that normally a party cannot move to quash a subpoena directed to another entity, entire e-mail accounts can involve personal, confidential, and privileged matters giving my client an interest in his own e-mail account that should allow him the standing to make such a motion. *Solow v. Conseco, Inc.,* 06 Civ. 5988(BSJ)(THK), 2008 WL 190340 at *3 (S.D.N.Y.) (Katz, M.J.) ("[C]ourts have recognized that parties with a privacy interest in subpoened documents have standing to oppose the subpoena." (citing cases)). In this case, GEICO is seeking all user date and all e-mail transmission activity in an unlimited fashion from an e-mail account from October 1, 2020 to the present, or over a two year period. Not attempt is made to limit documents or information sought.

The e-mail account contains records far beyond the Defendants in this case and therefore, this is overbroad. They would also contain or potentially contain e-mails protected by attorney-client privilege. There is also no attempt to limit the e-mails to certain search terms, words, or entity names, to the extent GEICO produces e-mails. In short, it is the classic overly broad subpoena. While it is possible to interpret the subpoena to only require Google, LLC to produce the to, from, date, subject line and size, the way it is written, it is also possible that Google, LLC could interpret it to produce the entire e-mail body itself. Moreover, the subject lines alone could contain privileged information and GEICO did seek the subject line. Also, as a non-party, who and what my clients' e-mail with is none of GEICO's business except as relevant to this case alone, in which the subpoena was issued. Otherwise, they are not entitled to a fishing expedition into the TO and FROM lines of the e-mail. To the extent GEICO argues they do not know what e-mail addresses are relevant, the production of just that information would not reveal that and they should proceed with other discovery to determine that such as Defendant Interrogatories or depositions

As such, my clients respectfully request the Court quash the subpoena and have GEICO re-issue a more reasonable subpoena properly limited in scope to the issues and parties that make up this action. Failing that, we would respectfully request that the Court issue an Order modifying the subpoena and limiting it to the to, from, date, subject line and size of e-mails only involving Defendants in this case. If the Court is going to modify, rather than quash the subpoena, we would ask that a conference be held in which the parties can discuss and agree to, with the Court's help, certain topics/parties. *Donoghue v.* Nostro, 2022 WL 4462867 (September 26, 2022) (quashing some subpoenas and modifying others). We would also request that a third-party receive and review the production to eliminate anything not relevant and not responsive to the modified subpoena and give us a chance to further object to anything we believe still should be withheld, before Plaintiff's counsel obtains it.

This motion should not delay this case as, upon information and belief, the parties continue to discuss settlement and are getting closer, and a motion to extend fact discovery to January 23, 2023 has recently been filed according to the docket. A near identical motion in *GEICO v. Errol C. Mallett, M.D.,* 1:22-cv-03661 (Ex. "C"), led Magistrate Judge Scanlon to order the following regarding an identically worded subpoena and we would respectfully request similar relief here:

> ORDER. The subpoena issued by Plaintiffs in this action to Google LLC on or about 11/2/2022 for the three gmail.com accounts is stayed pending resolution of the motion practice. A copy of Rider A for the Google subpoena is attached to this Order. Plaintiffs must serve a copy of this Order and the full subpoena on Google by overnight delivery via the Secretary of State and to Google's legal department. On or before 12/21/2022, Plaintiffs may respond to the motion at 24 . The response should address why three entire email accounts should be produced by Google rather than relevant emails being produced by the nonparties, subject to any appropriate objections. The motion papers must also address the privacy and confidentiality concerns raised by the nonparties. On or before 1/6/2023, the nonparties may reply. If Google has already responded to the subpoena, the material must be sequestered and not reviewed until this motion is resolved. Ordered by Magistrate Judge Vera M. Scanlon on 12/2/2022. (GS) Modified on 12/6/2022. (GS) (Entered: 12/06/2022)

Very truly yours,

SCHWARTZ, CONROY & HACK, PC

By: _____*Robert E. Hewitt*_____
      Robert E. Hewitt